IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PATRICK T. SMITH,

                Plaintiff,                  ORDER

v.

                                          13-cv-304-wmc

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

                Defendant.

      This is an action for judicial review of an adverse decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g). Patrick Smith contends that the Administrative Law Judge ("ALJ") erred in finding him "not disabled" under the statute. Since the ALJ's determination of Smith's Residual Functional Capacity ("RFC") failed to account adequately for deficiencies in his concentration, persistence and pace ("CPP") in direct violation of settled Seventh Circuit case law, the court is of the opinion that remand is required, but will give the Commissioner an opportunity to respond before ordering remand and such other relief as may be appropriate to deter an unwillingness to confess obvious error in similar circumstances.[1]

      Specifically, Smith contends that the RFC formulation and related questions to the vocational expert failed to account for his CPP limitations after giving "good weight" to the State's medical expert (Dr. Kojis), who identified moderate limitations in his ability to: (a) understand and remember detailed instructions; (b) carry out detailed instructions; (c) maintain attention and concentration for extended periods; (d) perform activities within a

---

[1] While the entire Social Security Administration, certainly including overburdened ALJs, has been given the Herculean task of moving a mountain of claims, this does not excuse burdening the courts, plaintiffs and indeed its own lawyers with obviously meritorious appeals requiring remand.

schedule, maintain regular attendance, and be punctual within customary tolerances; (e) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (f) accept instructions and respond appropriately to criticism from supervisors; and (g) respond appropriately to changes in the work setting. (AR 465-66.) Since the ALJ purported to give this opinion "good weight," Smith argues persuasively that these limitations should have been included in his RFC and proposed to the vocational expert. At the very least, the ALJ should have explained his failure to do so.

In *O'Connor–Spinner v. Astrue,* 627 F.3d 614 (7th Cir. 2010), the Seventh Circuit held that an ALJ must orient a vocational expert to the "totality of a claimant's limitations," including those involving "concentration, persistence and pace." *Id*. at 609; *see also Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration or mood swings); *Young v. Barnhart,* 362 F.3d 995, 1003-1004 (7th Cir. 2004); *Travis v. Astrue*, No. 09-cv-0077-bbc, 2009 WL 3422770 (W.D. Wis. Oct. 22, 2009) (the ALJ's reference to "simple, repetitive work" in the RFC failed to account for moderate limitations in CPP).

This is hardly the first time that the Commissioner appears to stubbornly refuse to acknowledge the import of *O'Connor-Spinner*. On the contrary, the "Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to 'simple' tasks, and [the Seventh Circuit] and [its] sister courts continue to reject the Commissioner's position." *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009).

This court, too, has repeatedly rejected this position, so far to no avail. *See e.g., Traver-Musselman v. Colvin*, 12-cv-423-wmc, 2014 WL 1007302, at *8 (W.D. Wis. Mar. 14, 2014).

2

In *Traver-Musselman*, Dr. Ludvigson's mental limitations were not put to the vocational expert despite the ALJ purporting to assign great weight to that opinion. There, too, the Commissioner was unable to articulate any reason why *O'Connor–Spinner* did not mandate a remand. *Id*. at *8; *see also Marchel v. Astrue*, 12-cv-47-bbc (W.D. Wis. Nov. 16, 2012).[2]

Even more recently, the Seventh Circuit has gone to great pains to articulate specific deficiencies in an ALJ's adoption of "simple, unskilled work" as a substitute for limitations in CPP. In *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014), the Seventh Circuit detailed moderate limitations in CPP, identified by the claimant's doctor, in the claimant's "ability to carry out detailed instructions, perform within a schedule, be punctual, perform at a consistent pace, and to complete a normal workday and workweek." *Id.* at 857. Given these limitations, the Seventh Circuit was once again "hard-pressed to conclude" that the ALJ's RFC finding was adequate in describing the claimant as an individual who "could perform unskilled tasks, relate superficially to small numbers of people, and attend to tasks long enough to complete them." *Id.* at 857-58.[3] Because of this, the Seventh Circuit remanded for further proceedings, concluding that the ALJ failed to "build an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental RFC." *Id.* at 859.

---

[2] The Western District of Wisconsin is hardly alone in its repeated application of the *O'Connor-Spinner* mandate to overturn obvious conflicts in CPP findings and RFC formulations by ALJs. *See, e.g., Gray v. Astrue*, No. 1:08-cv-00167, 2009 WL 1228632 (N.D. Ind. May 1, 2009); *McGee v. Astrue*, 770 F. Supp. 2d 945, (E.D. Wis. 2011) (remand where ALJ substituted limitation to simple, routine and repetitive work when moderate CPP had been found); *Kell v. Astrue*, No. 3:10-cv-175-WGH-RLY, 2011 WL 2970891 (S.D. Ind. July 21, 2011) ("[T]he ALJ's failure to include a moderate difficulty in concentration, persistence, and pace in his hypothetical question to the VE requires remand.").

[3] Finding that the RFC and questions to the vocational expert were deficient, the court also stated that "the hypothetical [question] does nothing to ensure that the VE eliminated from her responses those positions that would prove too difficult for someone with [the claimant's] depression and psychotic disorder." *Yurt*, 758 F.3d at 857-58.

Here, the ALJ found moderate limitations in CPP. (AR 19.) Many of the specific limitations that Dr. Kojis identified and that the ALJ gave "good weight" are quite similar to (if not the same as) those found in *Yurt*. Given that *Yurt* and the instant case both involved moderate limitations being credited by the ALJ, but then not reflected in the RFC, this court is even harder pressed to conclude that remand is not necessary.[4]

Compounding the court's concern with the Commissioner's refusal to stipulate to remand is her failure to point to any meaningful exception recognized in *O'Connor–Spinner*, other than the alternative phrasing exception.[5] Moreover, that same exception was also raised and rejected in *Yurt* because the vocational question did not properly capture "someone with the [claimant's] depression and psychotic disorder." 758 F.3d at 858.

Additionally troubling, the Commissioner's brief lacks any meaningful analysis of *Yurt* – a decision that represents the latest in ten years of case law requiring the ALJ to orient the vocational expert to moderate limitations in CPP. *See Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (hypothetical questions posed to the VE "ordinarily must include all limitations supported by medical evidence in the record").

---

[4] Not only does the *Yurt* decision provide arguably the most definitive statement yet of the need to account for limitations in concentration, persistence and pace in formulating a [claimant's] RFC, it goes on to explain the contours of this growing area of law and how the holding in the case is distinguishable from the limited number of other cases where failures to account in the RFC for deficiencies in CPP have *not* been found to require remand. *Cf. Simila v. Astrue*, 573 F.3d 503, 522 (7th Cir. 2009) ("Simila's moderate difficulties with concentration, persistence, and pace stemmed from his chronic pain syndrome and somatoform disorder, which the ALJ included in the hypothetical.").

[5] Here, the Commissioner again argues that the ALJ evaluated Plaintiff's moderate limitations in concentration, persistence, or pace and translated those "moderate" deficits into work-related limitations to "simple, repetitive tasks and instructions" and "minimal stress." (AR 20.) But the problem is that the RFC only addresses two limitations, one of which the Seventh Circuit has already held is insufficient as a matter of law to accommodate for moderate limitations in CPP. The court finds that the other limitation, "minimal stress," is too far a stretch to account for each of Dr. Kojis's limitations ((a)-(g)), particularly when those limitations have been expressly credited by the ALJ.

In light of this record, the court directs the Commissioner to advise within 21 days why remand is *not* required on the CPP issue and why enhanced attorney fees and costs should not be awarded to plaintiff as a sanction. If the Commissioner concludes before that time that remand *is* necessary, the parties are instructed to stipulate to a remand pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), including an award of reasonable fees and costs awarded to plaintiff. Any stipulation should make reference to the deficiencies recognized in this order, along with any other arguably meritorious deficiencies that are raised in briefing, to assist the ALJ on remand.

ORDER

IT IS ORDERED that the Commissioner shall advise why remand is not required and why double fees and costs should not be awarded to plaintiff on or before March 18, 2015.

Entered this 25th day of February, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge