IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PATRICK T. SMITH,

                Plaintiff,                              ORDER

v.

                                                                     13-cv-304-wmc

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

                Defendant.

This is an action for judicial review of an adverse decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g). Patrick Smith contends that the Administrative Law Judge ("ALJ") erred in finding him "not disabled" under the statute. In particular, Smith contends that the ALJ's determination of Smith's Residual Functional Capacity ("RFC") failed to account adequately for deficiencies in his concentration, persistence and pace ("CPP"), which must be cured on remand. In an order dated April 18, 2014, this court identified what appeared to be straightforward deficiencies in the ALJ's formulation of Smith's RFC that required remand. (Dkt. # 22.) Before ordering remand, however, the court directed the Commissioner (1) to stipulate to remand; *or* (2) to provide supplemental briefing why summary remand and double costs should not result in the face of the identified deficiencies. *Id.*; *see generally O'Connor–Spinner v. Astrue*, 627 F.3d 619 (7th Cir. 2010) ("among the limitations the VE [Vocational Expert] must consider are deficiencies in concentration, persistence and pace").

1

The Commissioner chose the latter option. After reviewing defendant's response, however, the court continues to find that remand is required for the reasons set forth in the analysis in the court's order dated February 25, 2015 (dkt.#22).

The Commissioner points the court to a relatively older, 2002 decision of the Seventh Circuit in *Johansen v. Barnhart*, 314 F.3d 283 (7th Cir. 2002). *First*, as an initial matter, even the Commissioner acknowledged that there have been many decisions since *Johansen* "in which courts have reversed ALJ's decisions" based on inadequate formulation of a claimant's moderate limitations in the RFC, including *O'Connor-Spinner* itself. Moreover, while some of the CPP limitations proffered by the medical experts in *Johansen* are similar to those found by the ALJ here, the Commissioner ignores the fact that Dr. Kojis testified to and the ALJ credited at least three additional, related limitations *beyond* those at issue in *Johansen*. Those three additional limitations are bolded among the longer list of Smith's moderate limitations that Dr. Kojis identified: (a) **understanding and remembering detailed instructions**; (b) carrying out detailed instructions; (c) maintaining attention and concentration for extended periods; (d) performing activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (e) completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (f) **accepting instructions and responding appropriately to criticism from supervisors**; and (g) **responding appropriately to changes in the work setting.** (AR 465-66) (emphasis added).)

2

Despite the Seventh Circuit holding in *O'Connor–Spinner* that an ALJ must orient a vocational expert to the "totality of a claimant's limitations," including those involving "concentration, persistence and pace," 627 F.3d at 621, the Commissioner essentially ignores this factual distinction in attempting to draw an analogy between *Johansen* and this case. The additional limitations alone are enough to warrant remand, at least under circumstances where the ALJ afforded Dr. Kojis's opinion "**good weight**," and *still* failed **to accommodate** for all of Smith's CPP limitations in reaching an RFC determination or to inform the vocational expert of these limitations at step five of the evaluation process. (AR 22.) Indeed, the limitations (f) and (g) are arguably among the most crucial to Smith's work performance, making their absence from the RFC determination and the vocational questioning all the more glaring.

The Commissoner's *second* response is really just a corollary of the first -- this case is more like *Johansen* than *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). In this respect, the Commissioner's argument virtually repeats what the Commissioner argued in *Yurt*. Accordingly, the court rejects the argument based largely on the Seventh Circuit's response to the Commissioner in *Yurt* itself:

> *Johansen* is **not as applicable** as the Commissioner suggests. The three alleged omissions from the hypothetical in Johansen were moderate limitations in the claimant's ability to (1) perform activities within a schedule; (2) complete a normal workweek and perform at a consistent pace; and (3) accept instructions and respond appropriately to criticism. Id. at 286. Only one of the limitations found by Dr. Lovko—performing activities within a schedule—appears in Johansen. Given the **additional limitations** Dr. Lovko found and their bearing on Yurt's limitations in concentration, persistence, and pace, we would be hard-pressed to conclude that Dr. Lovko's narrative RFC "went further" in capturing those limitations.

*Id.* at 858 (emphasis added). Because of the additional, moderate limitations in Dr. Kojis's report are credited by the ALJ as bolded above, this court is equally hard-pressed to find that Smith's moderate limitations in CPP were properly translated into work-related limitations to "simple, repetitive tasks and instructions" and "minimal stress." (AR 20.) The Commissioner's arguments to the contrary are again unpersuasive, necessitating the need for remand and reconsideration.

Having determined to remand this case, the court is of two minds as to whether to award sanctions. On one hand, the Commissioner did not come close to alleviating the court's concern regarding the ALJ's formulation of Smith's RFC in light of his treatment of Dr. Kojis's opinions. On the other, the Commissioner makes a non-frivolous response to the court's concern based on *Johansen*. Moreover, however ill-advised, the response appears to have been made in good faith (albeit belatedly and only when prompted). *Cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) (federal courts may exercise inherent power to assess sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." (citations omitted)). Accordingly, the court will not grant sanctions at this time, although the Commissioner is now on notice that should a similar case as the present come before this court -- and especially if the court were to request supplemental briefing on the question of frivolousness -- this court may well *grant* double costs in the future.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Patrick Smith's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 20th day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge